JEREMIAH COLEGROVE, Executor *vs.* THOMAS ROBINSON.

By the Rev. Sts. *c.* 66, an executor who, after one year from the time of his giving
notice of his appointment, pays demands of some creditors against the estate of
his testator, before he has notice of the demands of other creditors, so that the
assets remaining in his hands are insufficient to pay the demands of such other
creditors, and afterwards represents the testator's estate to be insolvent, cannot
recover back any part of the sums paid before he had notice of the other demands,
although such sums were not in full of the demands presented to him.

THIS was an action of assumpsit, on the money counts,
and was tried in the court of common pleas, before *Wells,*
C. J. whose report thereof was as follows :

The plaintiff gave in evidence the following paper :
" Received of Jeremiah Colegrove one hundred and one dol-
lars and fifty cents on a note I hold against the estate of
Jeremiah Colegrove, late of Adams, deceased.    Received
above of J. Colegrove, executor of the will of the late J. C.
deceased.    April 1840.    Th. Robinson."

It also appeared in evidence, that due notice of the plain-
tiff's appointment as executor was given in April 1838, and
a copy thereof returned, sworn to, and filed in the probate
office, in July 1838 ; that the plaintiff, under the impression
that his testator's estate was solvent, paid the sum for which
the above receipt was given, on a note for a larger sum, held
by the defendant against the testator ; that the testator's estate
was afterwards represented and proved to be insolvent; that
the defendant appeared before the commissioners appointed
to examine claims against said estate, and proved an account
which he had against it, but did not prove said note ; that
the commission of insolvency was closed, but was opened
again, on the petition of the plaintiff, and the sum of $101·50
paid to the defendant, as above stated, and other demands
paid by the plaintiff under the same circumstances, were
allowed by the commissioners to the persons to whom they
had been thus paid ; that a dividend was decreed upon the
demands proved before the commissioners, including the one

proved by the defendant himself, and the $101·50 proved as above.

This action was brought to recover the difference between said dividend, so allowed to the defendant, and $101·50, so paid as above.   The plaintiff claimed of the defendant a right to recover back said difference, previously to the bringing of the action.

The defendant contended that by the provisions of the Rev. Sts. *c.* 66, §§ 11 – 13, this action could not be maintained ; and the court being of that opinion, a verdict was directed for the defendant, which was returned by the jury. To this direction the plaintiff filed exceptions.

*Dawes*, for the plaintiff.   Before the passing of *St.* 1823, *c.* 144, an executor, who had paid a demand against his testator, whose estate afterwards proved to be insolvent, might recover back the difference between the sum paid by him and the amount of the dividend decreed on the report of the commissioners of insolvency.   *Walker* v. *Hill*, 17 Mass. 380. *Walker* v. *Bradley*, 3 Pick. 261.   *Bliss* v. *Lee*, 17 Pick. 83. By that statute, § 3, the law was so far altered, that creditors, who were "*paid in full* by the executor or administrator," under a belief that the estate was solvent, should "not be liable to refund or contribute any part of the debts received by them."   The Rev. Sts. *c.* 66, § 13, provide that "the creditors of the deceased, who shall have been previously *paid* by the executor or administrator, shall not be liable to refund any part of the amount so received by them."   This and three other sections of the same chapter, the commissioners say, "comprise the substance of *St.* 1823, *c.* 144, with some *verbal* alterations."   No change of the law was intended. The present case, therefore, is not within the revised statutes; for the defendant was not paid in full.

*Robinson, Jr.* for the defendant.   The Rev. Sts. *c.* 66, §§ 11 – 13, have removed the grounds on which the cases cited for the plaintiff were decided, and also the ground of his claim under the letter of *St.* 1823, *c.* 144, § 3.

WILDE. J.   This case depends on the construction and true

meaning of the Rev. Sts. c. 66, §§ 11, 12, 13; and the question is, whether the defendant is liable to refund any part of the sum received by him of the plaintiff, in part payment of his demand against the plaintiff's testator, before his estate was represented, or known to the executor, to be insolvent. By § 11, it is provided that if an executor or administrator shall not, within one year after notice given of his appointment, "have notice of demands against the estate of the deceased, which will authorize him to represent it insolvent, he may, after the expiration of the said one year, proceed to pay the debts due from the estate; and he shall not become personally liable to any other creditor, in consequence of any such payments, made before notice of his demand, although the remaining estate should be insufficient to satisfy such last mentioned creditor." By § 12, "if any executor or administrator shall have paid away, in manner aforesaid, the whole of the estate and effects of the deceased, before notice of the demand of any other creditor, he shall not be required, in consequence of such new demand, to represent the estate as insolvent, but may plead *plene administravit;* and upon proving such payments, he shall be discharged." By § 13, it is provided that if the executor or administrator shall not have so paid away the whole of the estate and effects of the deceased, the estate may be represented insolvent, and the remaining estate and effects may be distributed among the creditors; "but the creditors of the deceased, who shall have been previously paid by the executor or administrator, as aforesaid, shall not be liable to refund any part of the amount so received by them." These provisions are very clearly expressed, and will admit of but one construction. The language of the last clause of § 13 is applicable to the present case, and is decisive against the defendant's liability. There can be no distinction, in this respect, between the payment of the whole or a part only of a creditor's debt. The cases of *Walker* v. *Hill*, 17 Mass. 380, and *Bliss* v. *Lee*, 17 Pick. 83, are not applicable to this case. The former was decided before the revised statutes, and before *St.* 1823, c. 144; and

in the latter case the payment was made before the probate of the will, and therefore was not a case within the provisions of either of the statutes.

*Exceptions overruled.*